UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS INDIANA

| | | |
|---|---|---|
| GLENN D. ODOM, II, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:13-cv-171-SEB-MJD |
| | ) | |
| JAMES S. WYNN, Superintendent,  et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Entry and Order Dismissing Action**

**I.**

Plaintiff Glenn D. Odom, II brings this lawsuit against a number of defendants based on the release of his medical records in response to a subpoena issued in another case in this Court – *Odom v. Talens*, Cause No. 2:12-cv-251-JMS-MJD. Odom's original complaint asserted violations of his Health Insurance Portability and Accountability Act ("HIPAA") and due process rights. The Court found that Odom had failed to state a plausible claim for relief and directed him to show cause why the action should not be dismissed. In response, Odom filed his amended complaint.

In the amended complaint, Odom sues James Wynn, Superintendent of the Reception Diagnostic Center ("RDC"), Leslie Holton, the Clerk Supervisor of Records at the RDC, and Teresa Rice, Assistant Records Keeper at the RDC.[1] He asserts that Rice and Holton released his medical records in response to the subpoena despite his timely objection and that he wrote letters to Wynn complaining about the release of his records. Odom also alleges that when he requested

---

[1] In his original complaint, Odom also named Medical Records Staff and State of IN D.O.C. as defendants, but these defendants have been omitted from the first amended complaint. The claims against these defendants have been **abandoned**.

copies of the medical records that were produced, he never received a complete copy. Odom asserts violations of his privacy rights

## II.

### A.

The amended complaint is now subject to the screening requirement of 28 U.S.C. § 1915A(b). This statute directs that the court dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)(per curiam) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)). The complaint "must actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs.*, 536 F.3d 663, 668 (7th Cir. 2008) (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008)). Pro se complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson*, 551 U.S. at 94; *Obriecht v. Raemisch*, 517 F.3d 489, 491 n. 2 (7th Cir. 2008).

### B.

Applying the foregoing standards the Court finds as follows:

The claims against Superintendent Wynn must be **dismissed** because Odom alleges no wrongdoing on his part. *See Burks v. Raemisch,* 555 F.3d 592, 593-94 (7th Cir. 2009) (ASection

1983 [of 42 U.S.C.] does not establish a system of vicarious responsibility. Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise. . . . *Monell's* rule [is that] that public employees are responsible for their own misdeeds but not for anyone else's.@) ((citing *Monell v. New York City Dep't of Social Services,* 436 U.S. 658 (1978)). The fact that Odom wrote letters to Wynn regarding the release of the medical records is not sufficient to impose liability on Wynn. *See Johnson v. Snyder,* 444 F.3d 579, 583-84 (7th Cir. 2006)(letters to Director insufficient to create a genuine issue of material fact regarding personal responsibility of Director, where Director had delegated responsibility for reviewing grievances, and there was no evidence that Director had read letters).

The claims against defendants Holton and Rice must also be **dismissed**. According to the attachments to the complaint, Odom initially objected to the release of his medical records, but then signed a HIPAA release for the records. This release authorized the disclosure of all of his medical records to the attorneys in No. 2:12-cv-251-JMS-MJD. Because the medical records were released in response to a properly issued subpoena and Odom did consent to their release, albeit after the fact, no privacy right is implicated here.  To the extent Odom complains that he did not receive a complete copy of the medical records that were released as he requested, he has identified no constitutional or other federal right implicated in this dispute over copies. Odom's complaints regarding the release of his medical records in No. 2:12-cv-251-JMS-MJD amount to no more than a discovery dispute which should have been addressed in that proceeding, if at all.

### III.

For the reasons explained above, even when liberally construed, the complaint fails to survive the screening required by ' 1915A because it fails to contain a legally viable claim.

Dismissal of the federal claims pursuant to 28 U.S.C. ' 1915A(b) is therefore mandatory. *Gladney v. Pendleton Corr. Facility,* 302 F.3d 773, 775 (7th Cir. 2002).

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: ___05/21/2013_____

_Sarah Evans Barker_____

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Glenn D. Odom, II
219489
Kentucky State Penitentiary
266 Water Street
Eddyville, KY 42038